IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) CRIM. CASE NO. 2:22-cr-96-ECM |
| | ) (WO) |
| ALEX SEXTON NEAL | ) |

**MEMORANDUM OPINION and ORDER**

Defendant Alex Sexton Neal ("Neal") was charged on April 13, 2022, in a single count indictment with possession of a firearm by a convicted felon in violation of 18 U.S.C. § 922(g)(1). (Doc. 1).

On August 26, 2022, Neal filed a motion to suppress "the evidence which was seized . . . as the result of the illegal search of Defendant's residence and vehicle on February 3, 2022. (Doc. 39 at 1). Neal asserts that the initial search warrant was deficient because the affidavit did not support a finding of probable cause, "the affiant knowingly misrepresented key material facts," and the "search warrant application was drafted and executed in bad faith." (*Id*. at 1–2). In addition to suppression of the seized evidence, Neal seeks a hearing pursuant to *Franks v. Delaware*, 438 U.S. 154 (1978) and seeks the disclosure of the confidential informant. (*Id*. at 1).

After an evidentiary hearing, the Magistrate Judge recommended the Defendant's motion to suppress, motion for a *Franks* hearing, and motion to disclose the confidential informant be denied. (Doc. 64). On January 30, 2023, Neal filed objections to the Report and Recommendation of the Magistrate Judge. (Doc. 65). Upon an independent and *de novo* review of the record, including a review of the transcript of the hearing before the

Magistrate Judge, (doc. 64), and for the reasons which follow, the Court concludes that the Defendant's objections are due to be OVERRULED and the motions are due to be DENIED

## STANDARD OF REVIEW

When a party objects to a Magistrate Judge's Report and Recommendation, the district court must review the disputed portions of the Recommendation *de novo*. 28 U.S.C. § 636(b)(1). The district court "may accept, reject, or modify the recommended disposition, receive further evidence, or resubmit the matter to the magistrate judge with instructions." FED. R. CRIM. P. 59(b)(3).

*De novo* review requires that the district court independently consider factual issues based on the record. *Jeffrey S. ex rel. Ernest S. v. State Bd. of Educ. of Ga.*, 896 F.2d 507, 513 (11th Cir. 1990). "[A]lthough *de novo* review does not require a new hearing of witness testimony, *United States v. Raddatz,* 447 U.S. 667, 675–76, 100 S.Ct. 2406, 2412–13, 65 L.Ed.2d 424 (1980), it does require independent consideration of factual issues based on the record." *Id.* If the Magistrate Judge made findings based on witness testimony, the district court must review the transcript or listen to a recording of the proceeding. *Id.* In this case, the Court has conducted a complete and careful review of the record in this case, including the transcript of the suppression hearing. It has also reviewed *de novo* those portions of the Magistrate Judge's findings and recommendations to which the Defendant objects. 28 U.S.C. § 636(b)(1).

**DISCUSSION**

The Defendant raises three objections to the Report and Recommendation. First, the Defendant objects to the Magistrate Judge's conclusion that the initial search warrant was supported by probable cause. Second, Neal argues that the Magistrate Judge "erred in determining that [he] was not entitled to a *Franks* hearing." (Doc. 65 at 9). Finally, Neals asserts that the Magistrate Judge "erred by failing to order the Government to disclose the identity of the confidential informant." (*Id*. at 11). The Court turns first to whether the warrant was supported by probable cause.

**A.   Probable Cause - Warrant**

The Fourth Amendment protects "[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures." U.S. Const. Amend. IV. The Amendment protects individuals against unreasonable searches of "their persons [and] houses." *Minnesota v. Carter*, 525 U.S. 83, 88 (1998) (alteration in original). The Fourth Amendment further provides that "no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized." U.S. Const. Amend. IV. Probable cause to support a search warrant exists when "there is a fair probability that contraband or evidence of a crime will be found in a particular place." *Illinois v. Gates*, 462 U.S. 213, 238 (1983); *United States v. Trader*, 981 F.3d 961, 969 (11th Cir. 2020).

Neal contends that the affidavit supporting the issuance of the search warrant did not establish probable cause. A court reviewing the issuance of a search warrant by a

3

magistrate or state court judge is not to conduct a *de novo* probable cause determination but is merely to decide whether the evidence viewed as a whole provided a "substantial basis" for the finding of probable cause at the time the warrant was issued. *Massachusetts v. Upton*, 466 U.S. 727, 732-33 (1984) (per curiam); *Gates*, 462 U.S. at 236.

> The task of the issuing [judge] is simply to make a practical, common-sense decision whether, given all the circumstances set forth in the affidavit before him, including the "veracity" and "basis of knowledge" of persons supplying hearsay information, there is a fair probability that contraband or evidence of a crime will be found in a particular place. And the duty of a reviewing court is simply to ensure that the [judge] had a "substantial basis for . . . conclud[ing]" that probable cause existed.

*Gates,* 462 U.S. at 238–39 (alteration in original). "To establish probable cause to search a home, a warrant affidavit must establish a connection between the defendant and the residence to be searched and a link between the residence and any criminal activity." *Trader*, 981 F.3d at 969 (quoting *United States v. Martin*, 297 F.3d 1308, 1314 (11th Cir. 2002)) (internal quotations omitted). "The nexus between the objects to be seized and the premises searched can be established from the particular circumstances involved and need not rest on direct observation." *United States v. Jenkins*, 901 F.2d 1075, 1080 (11th Cir. 1990) (quoting *United States v. Lockett*, 674 F.2d 843, 846 (11th Cir. 1982)). Moreover, probable cause "is a fluid concept—turning on the assessment of probabilities in particular factual contexts[.]" *United States v. Brundidge,* 170 F.3d 1350, 1352 (11th Cir. 1999).

4

The affidavit at issue provides the following information:

> I received information from a confidential informant that the confidential informant was legally at the residence of Alex Sexton Neal located at 410 Martin Luther King Drive, Troy, Pike County, Alabama, within the last 48 hours. The confidential informant observed Alex Sexton Neal in possession of cocaine while inside the residence. The residence is located at 410 Martin Luther King Drive, Troy, Alabama. This confidential informant has provided me with information in the past which has led to arrests involving controlled substances. I make this affidavit for the purpose of searching the residence and its premises located at 410 Martin Luther King Drive, Troy, Pike County, Alabama.

(Doc. 48-1 at 2).

The affidavit provides information concerning the identity of the alleged wrongdoer (Alex Sexton Neal), the nature of the illegal action (possession of controlled substances, cocaine), and the location of the place to be searched (410 Martin Luther King Drive). The affidavit links Neal to the residence, links him to the possession of illegal narcotics, and was executed in close temporal proximity to the observations made by the confidential informant (48 hours). The affidavit indicates that the confidential informant was known to Officer Ernsberger and had previously provided reliable information. "Probable cause to search a residence requires some nexus between the premises and the alleged crime." *United States v. Bradley*, 644 F.3d 1213, 1263 (11th Cir. 2011); *United States v. Kapordelis*, 569 F.3d 1291, 1310 (11th Cir. 2009). The affidavit contained sufficient information that there was a fair probability that evidence of controlled substances would be found at 410 Martin Luther King Drive. "Probable cause is not a

high bar." *United States v. Delgado*, 981 F.3d 889, 897 (11th Cir. 2020) (internal quotation marks omitted). "The mere probability or substantial chance of criminal activity is all that is needed." (*Id*.) (internal quotation marks omitted).

The Defendant's objections to the Report and Recommendation repeat his arguments from his motion to suppress, and, upon *de novo* review, the Court finds that the Recommendation adequately addressed those arguments and properly rejected them. The Court concludes that the affidavit sufficiently demonstrates that probable cause existed for the search of 410 Martin Luther King Drive, Alabama, and his objection on this basis is due to be overruled.[1]

## B. *Franks* Hearing

Neal next objects to the Magistrate Judge's denial of his motion for a hearing pursuant to *Franks v. Delaware*, 438 U.S. 154 (1978). A defendant is entitled to a hearing pursuant to *Franks, supra*, when the defendant has made a substantial showing that an officer used misrepresentations or concealments constituting intentionally or recklessly made falsehoods to secure a search warrant. At the hearing on the motion to suppress,

---

[1] Although Neal raised the *United States v. Leon,* 468 U.S. 897 (1984), good faith exception in his motion to suppress, he made limited reference to this issue at the suppression hearing. (Doc. 61 at 48-49). Nonetheless, the Court concludes that it provides an additional basis upon which to deny the motion to suppress. Even if the affidavit did not establish probable cause, it is undisputed that the officers searched the residence only after securing a search warrant issued by Judge Curtis. The Defendant does not argue that the officers' reliance on the warrant was so objectively unreasonable as to warrant suppression of any evidence subsequently seized. *Leon*, 468 U.S. at 926. Despite this issue being underdeveloped by either party, the Court concludes that, based on the totality of the circumstances, the good faith exception provides additional support for denial of the motion to suppress.

Neal takes issue with the credibility of the confidential informant. He conceded that he does not have any evidence that Officer Ernsberger presented any false statements to the state magistrate judge. (Doc. 61 at 18-19). "The deliberate falsity or reckless disregard whose impeachment is permitted today is only that of the affiant, not of any nongovernmental informant." *Franks,* 438 U.S. at 171. The Court concludes that the Magistrate Judge's determination that a *Franks* hearing is not warranted in this matter is well-supported by the record. Neal's objection to the denial of his motion for a *Franks* hearing is due to be overruled.

**C. Identify of Confidential Informant**.

Finally, Neal objects to the Magistrate Judge's denial of his motion to disclose the identity of the confidential informant. (Doc. 65 at 10). "In *Roviaro v. United States*, 353 U.S. 53, 77 S.Ct. 623, 1 L.Ed.2d 639 (1957), . . . the Court set forth a balancing test that weighs a defendant's need for access against the government's interest in encouraging citizens to communicate their knowledge of the commission of crimes to law-enforcement officials by preserving the anonymity of informants." *United States v. Kerris,* 748 F.2d 610, 613 (11th Cir. 1984).

The Court looks first to "the extent to which the confidential informant participated in the criminal activity." *Id*. at 613–14. The confidential informant played no role in the offense for which Neal is charged. Neal is charged with possession of a firearm by a convicted felon. The weapon was found during the search of his vehicle, after the officers

secured a second search warrant that did not rely on information received from the confidential informant.

The second factor the Court examines is "the directness of the relationship between the defendant's asserted defense and the probable testimony of the informant." *Kerris*, 748 F.2d at 614. The Eleventh Circuit has cautioned that "[m]ere conjecture or supposition about the possible relevancy of the informant's testimony is insufficient to warrant disclosure. The defendant must show that the informant's testimony would significantly aid in establishing an asserted defense." *Kerris,* 748 F.2d at 614; *United States v. Gutierrez*, 931 F.2d 1482, 1490–91 (11th Cir. 1991). Neal asserts that he needs to know the identity of the confidential informant to make a sufficient showing to secure a *Franks* hearing. (Doc. 61 at 4–8). This need does not impact Neal's defense to the pending charge. The Magistrate Judge correctly rejected Neal's argument that he needed the name of the confidential informant to challenge the initial search warrant. The Court concludes that the Defendant's objection on this basis is due to be overruled.

## CONCLUSION

For these reasons as stated, the Court concludes Neal's objections to the Recommendation are due to be overruled, and the Defendant's motion to suppress is due to be denied. Accordingly, it is

ORDERED that:

1. the Defendant's objections (doc. 65) are OVERRULED;

2. the Recommendation of the Magistrate Judge (doc. 64) is ADOPTED; and

3. the Defendant's motion to suppress, motion for a *Franks* hearing, and motion to disclose the identify of the confidential informant (doc. 39) are DENIED.

Done this 3rd day of February 2023.

                                          /s/Emily C. Marks  
                                          EMILY C. MARKS  
                                          CHIEF UNITED STATES DISTRICT JUDGE