IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CRIM. CASE NO. 2:21-cr-96-ECM |
| | ) | (WO) |
| ALEX SEXTON NEAL | ) | |

**MEMORANDUM OPINION and ORDER**

Now pending before the Court is Defendant Alex Sexton Neal's ("Neal") motion in limine to preclude the Government from eliciting Federal Rule of Evidence 404(b) testimony regarding other bad acts. (Doc. 72). The Government responded in opposition to Neal's motion in limine and filed its own motion in limine to admit fact and circumstance evidence against Neal. (Doc. 75). In part, the Government argues the evidence that Neal attempts to exclude is not extrinsic "bad character evidence" falling under the scope of Rule 404(b). The Court agrees with the Government. Neal's motion in limine (doc. 72), therefore, is due to be DENIED, and the Government's motion in limine (doc. 75) is due to be GRANTED.

Neal contends that because this case is only about a firearm allegedly found in his vehicle at his residence, any evidence related to firearms and drugs found *inside* his residence is "irrelevant and immaterial to the charged offense." (Doc. 72 at 2). Evidence stemming from the search of his home, according to Neal, should be excluded according to Rule 404(b). The Government, on the other hand, argues that evidence from the home search is not the type of impermissible character evidence precluded by Rule 404(b). Accordingly, the Government seeks to admit evidence relating to (1) uncharged conduct

or offenses which arose out of the same transaction or series of transactions as the charged offense, (2) uncharged offenses, evidence, facts, and circumstances, as they are necessary to complete the story of the crime, and (3) the uncharged conduct as it is inextricably intertwined with the evidence of the charged offense. (Doc. 75 at 2).

The Government is correct that the evidence of Neal's uncharged "other bad acts" are so "inextricably intertwined with the evidence regarding the charged offense," such that it falls outside the scope of Rule 404(b). *United States v. Dixon*, 901 F.3d 1322, 1344–45 (11th Cir. 2018) (citation omitted). Rule 404 provides, "Evidence of a crime, wrong, or other act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character." FED. R. EVID. 404(b)(1). However, this Rule does not apply to "evidence of uncharged offenses that are intrinsic to the charged conduct." *Dixon*, 901 F.3d at 1344 (citation omitted). Evidence is intrinsic if it (1) arises "out of the same transaction or series of transactions as the charged offense," (2) "is necessary to complete the story of the crime," or (3) "is inextricably intertwined with the evidence regarding the charged offense." *Id.*

The Eleventh Circuit has held that evidence of uncharged wrongful conduct like that from the home search in this case is so "inextricably intertwined" with the evidence of the charged offense that it does not constitute "bad character evidence" precluded by Rule 404(b). *See United States v. Thomas*, 242 F.3d 1028, 1033 (11th Cir. 2004). In *Thomas*, for example, police observed the defendant engage in drug transaction at his residence. *Id.* at 1030. Two days later, police executed a search warrant of the defendant's home. *Id.* No drugs were found at the residence, but the police found a gun inside the home and

another gun in a vehicle parked outside the home. *Id.*  The defendant was charged with two drug offenses based on the transactions observed by police surveillance days earlier. *Id.*  He was also charged with unlawful possession of firearms by a convicted felon. *Id.* The case went to trial on the firearms charge alone because the defendant pled guilty to the drug charges. *Id.*  The defendant moved to supress evidence of the drug transactions because that evidence constituted "extrinsic evidence" not related to the lone firearm charge at trial. *Id.* at 1031.

The Eleventh Circuit disagreed with the defendant in *Thomas*.  The Circuit followed other circuits holding that the evidence of the drug transactions conducted days prior to the home search was "'inextricably intertwined' with the possession of the weapon found in the defendant's [vehicle]." *Id.* (citing *United States v. Butcher*, 926 F.2d 811, 815 (9th Cir. 1991)).  Rule 404(b) exclusion, therefore, was inapplicable.  That the firearm in the defendant's vehicle was found days after the drug transactions did not make evidence of the transactions "extrinsic" under Rule 404(b). *Id.*  That the defendant "was engaged in selling crack from his home is relevant evidence from which to infer that he knowingly possessed rifles found in the closet of that home and in his truck parked in the driveway of that home." *Id.* at 1032 (noting the "close and well-known connection between firearms and drugs").  Therefore, the Circuit held, "[t]he evidence of [the defendant's] drug trafficking at his residence did not amount to the use of bad character evidence to convict [the defendant] of being a felon in possession of firearms because the two offenses were not 'wholly separate and independent crimes.'" *Id.* at 1033.

This case involves uncharged wrongful conduct that is temporally and physically closer to the charged conduct than the wrongful conduct permitted into evidence in *Thomas*. Police in this case allegedly conducted a controlled buy of narcotics at Neal's residence. Within four days after the controlled buy, a search warrant was executed at the residence, and another was executed to search Neal's vehicle parked outside that residence. The search of the home revealed evidence of drugs and firearms, and the search of the vehicle revealed a firearm.

The court in *Thomas* found that evidence relating to illegal drug transactions occurring at the same location two days prior to a search "was in sufficiently close proximity, temporally and physically, to be relevant to proving that he knowingly possessed the weapons" found in the search. *Id.* at 1032. As in the Circuit's holding in *Thomas*, the Court finds that evidence in this case of drugs and firearms found on the same day and at the same residence where Neal's vehicle was parked is sufficiently close, both temporally and physically, to be relevant to proving Neal knowingly possessed the firearm found in the car. *See id.* Therefore, the uncharged wrongful conduct that Neal attempts to preclude "is inextricably intertwined with the evidence regarding the charged offense" and is not excluded by Rule 404(b). *Dixon*, 901 F.3d at 1344. The Court further finds that the evidence of uncharged conduct is necessary to complete the story of the crime and the conduct arose out of the same transaction as the charged offense.

Accordingly, for good cause, it is

ORDERED that Neal's motion in limine (doc. 72) is DENIED. It is further

ORDERED that the Government's motion in limine (doc. 75) is GRANTED.

DONE this 7th day of March, 2023.

/s/ Emily C. Marks
EMILY C. MARKS
CHIEF UNITED STATES DISTRICT JUDGE