IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CRIM. CASE NO. 2:22-cr-96-ECM |
| | ) | (WO) |
| ALEX SEXTON NEAL | ) | |

## MEMORANDUM OPINION and ORDER

Now pending before the Court is Defendant Alex Sexton Neal's ("Neal") motion *in limine* to preclude the Government from eliciting Federal Rule of Evidence 404(b) testimony regarding other bad acts. (Doc. 112). The Government filed a response in opposition to Neal's motion *in limine* and included its own motion *in limine* to admit fact and circumstance evidence against Neal.  (Doc. 116).  In part, the Government argues that the evidence Neal is attempting to exclude is not extrinsic "bad character evidence" that falls under the scope of Rule 404(b). The Court agrees with the Government. Neal's motion *in limine* (doc. 112), therefore, is due to be DENIED, and the Government's motion *in limine* (doc. 116) is due to be GRANTED.

Neal contends that because this is a case of possession of a firearm and ammunition, any evidence of drugs leading to the search of the residence or vehicle constitutes uncharged conduct that should be excluded as prejudicial. (Doc. 112 at 2–3).  The government, on the other hand, argues that the evidence is not excluded because the evidence is "all part of the same transaction or series of transactions" which falls outside the purview of Rule 404(b).  (Doc. 116 at 2).  Thus, the government seeks to admit evidence related to (1) uncharged conduct or offenses which arose out of the same

transaction or series of transactions as the charged offenses, (2) uncharged offenses, evidence, facts, and circumstances, as they are necessary to complete the story of the crime, and (3) the uncharged conduct as it is inextricably intertwined with the evidence of the charged offenses.   (*Id*.).

> [E]vidence of criminal activity other than the charged offense is *not* "extrinsic" under Rule 404(b), and thus falls outside the scope of the Rule, when it is "(1) an uncharged offense which arose out of the same transaction or series of transactions as the charged offense, (2) necessary to complete the story of the crime, or (3) inextricably intertwined with the evidence regarding the charged offense." *United States v. Baker,* 432 F.3d 1189, 1205 n. 9 (11th Cir. 2005) (quoting *United States v. Veltmann,* 6 F.3d 1483, 1498 (11th Cir. 1993)). "Evidence, not part of the crime charged but pertaining to the chain of events explaining the context, motive[,] and set-up of the crime, is properly admitted if linked in time and circumstances with the charged crime, or forms an integral and natural part of an account of the crime, or is necessary to complete the story of the crime for the jury." *United States v. McLean,* 138 F.3d 1398, 1403 (11th Cir. 1998). And evidence is inextricably intertwined with the evidence regarding the charged offense if it forms an "integral and natural part of the witness's accounts of the circumstances surrounding the offenses for which the defendant was indicted." *United States v. Foster,* 889 F.2d 1049, 1053 (11th Cir. 1989).

*United States v. Edouard*, 485 F.3d 1324, 1344 (11th Cir. 2007) (emphasis in original).

Because evidence of Neal's uncharged "other bad acts" is so "inextricably intertwined with the evidence regarding the charged offense," it falls outside the scope of Rule 404(b). *United States v. Dixon*, 901 F.3d 1322, 1344–45 (11th Cir. 2018) (citation omitted).   Rule 404 provides, "Evidence of a crime, wrong, or other act is not admissible to prove a person's character in order to show that on a particular occasion the person acted

in accordance with the character." FED. R. EVID. 404(b)(1). However, this Rule does not apply to "evidence of uncharged offenses that are intrinsic to the charged conduct." *Dixon*, 901 F.3d at 1344 (citation omitted).   Evidence is intrinsic if it (1) arises "out of the same transaction or series of transactions as the charged offense," (2) "is necessary to complete the story of the crime," or (3) "is inextricably intertwined with the evidence regarding the charged offense." *Id.*

The Eleventh Circuit has held that evidence of uncharged wrongful conduct, like that from the search of the residence in this case, is so "inextricably intertwined" with the evidence of the charged offense that it does not constitute "bad character evidence" precluded by Rule 404(b).   *See United States v. Thomas*, 242 F.3d 1028, 1033 (11th Cir. 2004).   Police in this case allegedly conducted a controlled buy of narcotics at Neal's residence. Within four days after the controlled buy, a search warrant was executed at the residence, and another was executed to search Neal's vehicle parked outside that residence. The search of the home revealed evidence of drugs and ammunition, and the search of the vehicle revealed a firearm.   Thus, the Court finds that evidence in this case of drugs and ammunition found on the same day and at the same residence where Neal's vehicle was parked is sufficiently close, both temporally and physically, to be relevant to proving Neal knowingly possessed the firearm and ammunition found in the car and residence. *Id*. at 1032. Therefore, the uncharged wrongful conduct that Neal is attempting to bar "is inextricably intertwined with the evidence regarding the charged offense" and is not excluded by Rule 404(b).   *Dixon*, 901 F.3d at 1344.

3

The Court further finds that the evidence of uncharged conduct is necessary to complete the story of the crime and the conduct arose out of the same transaction as the charged offense.

Accordingly, it is

ORDERED that Neal's motion *in limine* (doc.112) is DENIED and the government's motion *in limine* (doc. 116) is GRANTED.

Done this the 17th day of August, 2023.

/s/Emily C. Marks
EMILY C. MARKS
CHIEF UNITED STATES DISTRICT JUDGE